NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 4 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELA CARMELINA MORALES AJPACAJA; DANA ADELAIDA LOFFLY MORALES AJPACAJA, Petitioners, v. PAMELA BONDI, Attorney General, Respondent. | No. 24-1689 Agency Nos. A220-147-806 A220-147-805 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2025**
Pasadena, California

Before: GILMAN***, M. SMITH, and VANDYKE, Circuit Judges.

Petitioner Angela Carmelina Morales Ajpacaja, a native and citizen of

Guatemala, seeks review of a Board of Immigration Appeals ("BIA") decision

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

dismissing her appeal of an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and Convention Against Torture ("CAT") protection.[1] We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

When reviewing the BIA's final orders, we "'review questions of law de novo' and the agency's 'factual findings for substantial evidence.'" *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). "[U]nder the highly deferential substantial evidence standard," *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023), findings of fact are "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary," *Ruiz-Colmenares*, 25 F.4th at 748 (citation omitted).

1. Substantial evidence supports the BIA's conclusion that Petitioner was not entitled to asylum or withholding of removal. To obtain either asylum or withholding of removal, an applicant must show that she was or will likely be persecuted on account of a protected ground. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). Petitioner contends that she suffered persecution because the men who extorted her were motivated by her status as an indigenous Guatemalan woman. But substantial evidence supports the agency's conclusion that the attackers were

---

[1] Petitioner also brings claims on behalf of her minor daughter, who is a beneficiary of her mother's application. *See Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013); *Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

instead solely motivated by general criminal intent. "[F]ear of generalized crime is not a sufficient basis for asylum or withholding of removal" because it "bears no nexus to a protected ground." *Rodriguez-Zuniga*, 69 F.4th at 1014, 1020 (quoting *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010)). Petitioner's failure to show that the alleged harm she suffered bore *any* nexus to her status as an indigenous Guatemalan woman is dispositive of her asylum and withholding of removal claims. *Id.* at 1018.

2. Assuming that Petitioner has not waived her future-persecution argument, substantial evidence supports the determination that Petitioner did not establish a well-founded fear of future persecution. Petitioner failed to "furnish[] credible, direct, and specific evidence that [she] faces an individualized risk of persecution or that there is a pattern or practice of persecution against similarly situated individuals." *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1198 (9th Cir. 2023) (citation and internal quotation marks omitted). Beyond her conclusory testimony, Petitioner supplies no corroborating evidence for her belief that the men who tried to extort her will attempt to kill her if she returns. And the country-conditions report for Guatemala provides only generalized evidence of human rights violations that are not specifically tethered to Petitioner. Combined, this evidence sufficiently supports the agency's conclusion with respect to future persecution.

3. Again assuming that Petitioner has not waived or failed to exhaust her relocation argument, Petitioner did not supply objective evidence in support of her inability to relocate safely within Guatemala. Petitioner offers only the conclusory assertion that relocation is not possible due to her lack of resources and widespread corruption. Because Petitioner provided no explanation or objective support for these claims in light of her family members who safely remain in Guatemala, substantial evidence supports the agency's conclusion that safe relocation is reasonable.

4. Substantial evidence also supports the agency's denial of Petitioner's CAT claim. Petitioner did not provide evidence compelling the conclusion that the extortionist threats she experienced amounted to torture. *See Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007). And although the county-conditions evidence shows generalized crime and violence in Guatemala, such evidence does not demonstrate a particularized threat of torture against Petitioner. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022). Nor does the record compel a finding that the Guatemalan government would inflict or acquiescence to any torture. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**PETITION DENIED.**

4